**Electronically Filed
Intermediate Court of Appeals
29680
24-FEB-2012
08:02 AM**

NO. 29680

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JACOB P. MASON, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-0874)


MEMORANDUM OPINION
(By: Nakamura, Chief Judge, and Foley and Leonard, JJ.)


Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Jacob P. Mason (Mason) by complaint with second-degree robbery, in violation of Hawaii Revised Statutes (HRS) § 708-841(1)(b) (Supp. 2011).[1] Prior to trial, Mason filed a motion to suppress his identification by the alleged victim. The Circuit Court of the First Circuit (Circuit Court) denied the motion and subsequently filed an "Amended Findings of

---

[1] HRS § 708-841(1)(b) provides in relevant part:

    (1)   A person commits the offense of robbery in the second degree if, in the course of committing theft . . . . :

    . . .

    (b)   The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property[.]

Fact, Conclusions of Law and Order Denying Defendant's Motion to Suppress Evidence and Identification."[2]

Mason proceeded to trial and the jury found him guilty of the included offense of attempted second-degree robbery.[3] The Circuit Court sentenced Mason to five years of probation, with the special condition of 58 days of incarceration with credit for time served.

Mason appeals from the "Judgment of Conviction and Probation Sentence" (Judgment) filed by the Circuit Court on February 6, 2009. On appeal, Mason argues that the Circuit Court erred in: (1) denying his motion to suppress his identification by the alleged victim because Mason claims that (a) his identification was the fruit of an unlawful detention and (b) the pretrial identification procedure used was impermissibly suggestive and the alleged victim's identification was unreliable; (2) denying his motion for judgment of acquittal because he claims there was insufficient evidence to sustain a conviction for attempted second-degree robbery; and (3) giving

---

[2] The Circuit Court denied Mason's suppression motion prior to trial. Apparently, written findings of fact, conclusions of law, and an order denying the motion were signed by the Circuit Court but not filed. The Circuit Court subsequently filed the "Amended Findings of Fact, Conclusions of Law and Order Denying Defendant's Motion to Suppress Evidence and Identification" on October 2, 2009, and this document was included in the record on appeal.

[3] HRS § 705-500 (1993), the criminal attempt provision of the Hawaii Penal Code, provides in relevant part as follows:

(1)    A person is guilty of an attempt to commit a crime if the person:

. . . .

(b)    Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

. . . .

(3)    Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

the jury an instruction on accomplice liability.[4] For the reasons discussed below, we affirm the Circuit Court's Judgment.

I.

The alleged victim (Complainant) was thirteen years old at the time of the charged offense. According to Complainant, he was walking to school at 7:15 in the morning carrying an iPod in his hand. As Complainant reached an intersection, a white car pulled up about five feet away from him. Complainant could see the passenger's face through the front passenger window. While the car was stopped at a stop sign, the passenger rolled down the window, stuck his head out of the window, and said to Complainant in an aggressive tone, "Hey, give me your fucking iPod or I'll put my balls in your mouth." Frightened, Complainant took a few steps backwards while still looking at the car. The car moved forward five feet, then stopped, and Complainant saw the front passenger door open and the passenger's foot come out of the car. Complainant turned and ran home.

Complainant called his father (Father), who was a police officer, and told Father what had happened. Complainant described the car to Father as white with a "spray can paint job" and provided Father with a license plate number. Complainant also described the man who threatened him as a Caucasian man, in his late twenties, skinny, weighing approximately 140 pounds, with short, dark hair.

Later that morning, at about 10:56, Mason was stopped by Honolulu Police Department (HPD) Officer Garrick Hung (Officer Hung) for driving a car with no front license plate. Mason was the only occupant of the vehicle. Over HPD dispatch, Father heard a request for information about the car Officer Hung had stopped, which had a license plate number that was one letter off from the license plate number Complainant had provided. Father contacted Officer Hung and obtained a description of Mason and

---

[4] The Honorable Karen S.S. Ahn presided over Mason's motion to suppress his identification by the alleged victim, and the Honorable Patrick W. Border presided over Mason's trial.

the car Mason was driving. Father told Officer Hung that the car and the person stopped may have been involved in a robbery attempt on Complainant earlier that morning. Father asked Officer Hung to detain Mason until Father could bring Complainant to the scene.

Father then drove to the scene and arrived "a couple minutes" after speaking to Officer Hung. Father observed that Mason and the car matched the description Complainant had provided and asked the sergeant at the scene to detain Mason until Father could get Complainant. Father picked up Complainant and drove him to the scene. Complainant immediately identified the car as the one involved in the earlier incident and Mason as the person who tried to rob him.

According to Complainant, when he was taken to the scene, he "instantly" recognized Mason as the perpetrator based on Mason's eyes, which he described as "kinda piercing," and Mason's short hair. Complainant also identified Mason at trial and stated he was "a hundred percent sure" that Mason was the man who threatened him.

Mason's defense at trial was mistaken identification. Mason testified that he had picked up an acquaintance named "Chad" and that "Chad" was the person in the passenger seat who had yelled at Complainant, demanding the iPod.

II.

We resolve the arguments that Mason raises on appeal as follows:

A.

The Circuit Court did not err in denying Mason's motion to suppress Complainant's identification of Mason as the perpetrator.[5]

---

[5] In reviewing the Circuit Court's denial of Mason's suppression motion, we consider both the evidence presented at the suppression hearing and at trial. State v. Vinuya, 96 Hawaiʻi 472, 481, 32 P.3d 116, 125 (App. 2001).

1.

Mason contends that his detention after the traffic stop was unduly prolonged and therefore that his identification by Complainant was the fruit of an unlawful detention. We disagree.

Mason was properly stopped and detained for driving with no front license plate. When Mason was unable to provide his driver's license, car registration, or proof of insurance, Officer Hung was justified in continuing to detain Mason to conduct checks to determine the status of Mason and the car he was driving and to issue citations for the violations that had been discovered. Meanwhile, while Officer Hung was conducting these checks, he was contacted by Father, and before Officer Hung completed issuing the citations, Father arrived at the scene. Through the exchange of information between Officer Hung and Father and Father's observations at the scene, the police determined that Mason and the car he was driving matched the Complainant's description of the suspect and the car in which the suspect had been riding. We conclude that while Mason was validly being detained for the traffic stop, the police developed reasonable suspicion to believe that Mason had been involved in the attempted robbery of Complainant, and Mason's continued detention in order to pursue the attempted robbery investigation was lawful. See State v. Dawson, 120 Hawai'i 363, 369, 205 P.3d 628, 634 (App. 2009) (discussing the reasonable suspicion requirement for a lawful investigative detention). Accordingly, Mason's identification by Complainant was not the fruit of an unlawful detention.

2.

Mason contends that his pretrial identification by Complainant by means of a "show-up" was impermissibly suggestive and that Complainant's identification was unreliable. A defendant who challenges the admissibility of an eyewitness identification on the ground of an impermissibly suggestive pretrial identification procedure bears the burden of proof.

State v. Araki, 82 Hawaiʻi 474, 484, 923 P.2d 891, 901 (1996). In determining whether the defendant is entitled to suppress the identification, the court "is faced with two questions: (1) whether the procedure was impermissibly or unnecessarily suggestive; and (2) if so, whether, upon viewing the totality of the circumstances, . . . the witness's identification is deemed sufficiently reliable so that it is worthy of presentation to and consideration by the jury." Id. (block quote format and citation omitted).

The factors for the court to consider in determining the reliability of an identification include:

> the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation.

Id. at 485, 923 P.2d at 902 (quoting State v. Okumura, 78 Hawaiʻi 383, 392, 894 P.2d 80, 89 (1995) (citation and brackets omitted)). A witness's identification of the defendant that is reliable is admissible even though the witness identified the defendant during an impermissibly suggestive pretrial procedure. See id. at 485-86, 923 P.2d at 902-03; State v. Mitake, 64 Haw. 217, 220-21, 638 P.2d 324, 327 (1981).

The Circuit Court concluded that although the pretrial identification procedure used was impermissibly suggestive, the Complainant's identification, under the totality of the circumstances, was sufficiently reliable to be considered by the jury. We need not address the Circuit Court's determination that the pretrial identification procedure used was impermissibly suggestive because we agree that under the totality of the circumstances, Complainant's identification was sufficiently reliable to be considered by the jury. Among other things, the record shows that Complainant was close to the suspect during the incident; Complainant's description of the suspect to Father immediately after the incident matched Mason's description; at the pretrial confrontation, Complainant immediately recognized

Mason as the person who had threatened him; and only approximately four and a half hours elapsed from the time of the incident until the confrontation. We hold that the Circuit Court did not err in permitting the admission of evidence regarding Complainant's identification of Mason.

B.

The Circuit Court did not err in denying Mason's motion for judgment of acquittal. Among other things, the State presented evidence that Complainant identified Mason as the person who had threatened to take Complainant's iPod and had opened the door and begun to step out before Complainant turned and ran home. When viewed in the light most favorable to the State, see State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998), there was sufficient evidence to support Mason's conviction for attempted second-degree robbery.

C.

The Circuit Court did not err in giving the jury an instruction on accomplice liability. Mason's testimony, in combination with other evidence presented, provided a sufficient basis for the Circuit Court to give the instruction on accomplice liability. See State v. Fukusaku, 85 Hawaiʻi 462, 486, 946 P.2d 32, 56 (1997); State v. Keaweehu, 110 Hawaiʻi 129, 134, 129 P.3d 1157, 1162 (App. 2006).

III.

We affirm the Judgment filed by the Circuit Court on February 6, 2009.

DATED: Honolulu, Hawaiʻi, February 24, 2012.

On the briefs:

Ronette M. Kawakami
Deputy Public Defender
for Defendant-Appellant

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

7